UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN PAUL SLADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1816** |
| **LAFOURCHE PARISH, ET AL.** | **SECTION: "L"(3)** |

## REPORT AND RECOMMENDATION

Ryan Paul Slade, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.[1] He named the following defendants: Lafourche Parish; the Lafourche Parish Medical Department; the Federal Emergency Management Agency ("FEMA"); the Centers for Disease Control and Prevention ("CDC"); Louisiana Governor John Bel Edwards; and the State of Louisiana. He stated his claims as follows:

> On about July 9th I got extremely sick in Lafourche Parish Criminal Complex. I approached Lafourche Parish Medical Dept. with my sickness in which I felt I was dying. I had fever, headache, aches and pains and loss of taste and smell. They said it was just the flu. They gave medication 3 days later (Tylenol and sinus pill). I was never tested for COVID. Inmates testing positive for COVID were sent in the population with it being known by authorities. The CDC set up no investigation on LPCC to see if the disease was going on inside the jail in the state of emergency.
> FEMA never came to see about us pre-trial inmates during this state of emergency. Even though many guards were aware of COVID being present, they did not contact any higher authority. I felt I was dying. I got no medical treatment. They left me in the dorm to die not knowing anything about my medical status even though the news was showing us differently. Gov. Bel Edwards never mentioned

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

jails in a breaking news story about the deadly and contagious disease. The State of Louisiana was unprepared in dealing with jails.[2]

The instant civil action was one of many largely identical lawsuits which arrived at this Court within a short span of time. Those lawsuits were seemingly filed by different Lafourche Parish inmates; however, all were in the same handwriting and bore remarkably similar statements of claims. The lawsuits have been dismissed, have had recommendations for dismissal issued, or are still undergoing the screening process. See, e.g., Smith v. Lafourche Parish, Civ. Action No. 21-1714 "I"(5) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); Frazier v. Lafourche Parish, Civ. Action No. 21-1715 "T"(3) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); Galliano v. Lafourche Parish, Civ. Action No. 21-1727 "R"(5) (pending Report and Recommendation to dismiss as frivolous and for failing to state a claim upon which relief can be granted); Lerille v. Lafourche Parish, Civ. Action No. 21-1729 "I"(5) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); Grant v. Lafourche Parish, Civ. Action No. 21-1782 "B"(5) (pending Report and Recommendation to dismiss as frivolous and for failing to state a claim upon which relief can be granted); Gros v. Lafourche Parish, Civ. Action No. 21-1783 "A"(2) (pending Report and Recommendation to dismiss as frivolous and for failing to state a claim upon which relief can be granted); LeBlanc v. Lafourche Parish, Civ. Action No. 21-1784 "J"(5) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); Dillon v. Lafourche Parish, Civ. Action No. 21-1824 "F"(3) (in screening process); Bourgeois v. Lafourche Parish, Civ. Action No. 21-1825 "S"(3) (in screening process); Payne v. Lafourche Parish, Civ. Action No. 21-1826 "A"(5) (dismissed as frivolous and for failing to state a claim upon which relief can be granted); Dean v. Lafourche Parish, Civ. Action No. 21-1849 "S"(5) (dismissed as frivolous and for failing to state

---

[2] Rec. Doc. 1, pp. 4-5.

a claim upon which relief can be granted); and Benoit v. State of Louisiana, Civ. Action No. 21-1887 "I"(1) (dismissed as frivolous and/or for failing to state a claim upon which relief can be granted).

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[3] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

## I.  Lafourche Parish

As noted, plaintiff named Lafourche Parish as defendant in this lawsuit.  Claims against a parish governing body must be analyzed under the standards set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978).  See, e.g., Babin v. Parish of Jefferson, Civ. Action No. 16-2954, 2018 WL 794535, at *12 (E.D. La. Feb. 8, 2018); accord St. Julien v. Government of Iberia Parish, Civ. Action No. 6:18-CV00099, 2018 WL 5020697, at *3 (W.D. La. Sept. 25, 2018), adopted, 2018 WL 5019965 (W.D. La. Oct. 16, 2018); Cousin v. St. Tammany Parish, Civ. Action No. 16-15751, 2017 WL 1321315, at *3-4 (E.D. La. Mar. 13, 2017), adopted, 2017 WL 1319782 (E.D. La. Apr. 7, 2017).

Monell provides:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694.  Therefore, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**.  To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No.

09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff has not alleged that his constitutional rights were violated as a result of a policy or custom, much less identified such a policy or custom. Therefore, his allegations fall short of what is required to state a proper claim against Lafourche Parish.

## II.  Lafourche Parish Medical Department

Plaintiff also named the "Lafourche Parish Medical Department" as a defendant in this civil action. If such an entity known by that name in fact exists, "discrete departments of prison facilities are simply not considered to be 'persons' under § 1983." Smith v. Lafourche Parish, Civ. Action No. 21-1714, 2021 WL 4975698, at *2 (E.D. La. Sept. 30, 2021), adopted, 2021 WL 4972374 (E.D. La. Oct. 26, 2021). Accordingly, the claim against the "Lafourche Parish Medical Department" should be dismissed as frivolous and for failure to state a claim. Id.; accord Lerille v. Lafourche Parish, Civ. Action No. 21-1729, 2021 WL 4975754, at *2 (E.D. La. Sept. 30, 2021), adopted, 2021 WL 4972369 (E.D. La. Oct. 26, 2021).

## III.  FEMA and the CDC

Plaintiff also named FEMA and the CDC as defendants herein. However, they, too, are improper defendants because "they are federal agencies which operate under federal law and are not 'persons' or state actors acting under color of state law" as is required for a § 1983 claim. Smith, 2021 WL 4975698, at *3. Accordingly, the § 1983 claims against those two defendants should likewise be dismissed. Id.; accord Lerille, 2021 WL 4975754, at *3.

### IV.  Governor John Bel Edwards

Plaintiff also sued Governor Edwards in this lawsuit.  However, the only allegation made against Governor Edwards is that he "never mentioned jails in a breaking news story about the deadly and contagious disease."  Even if that is true, it would not, in and of itself, violate any of plaintiff's federally protected rights.

Further, Governor Edwards clearly is not a proper defendant with respect to what actions Lafourche Parish jail officials took or failed to take at the Lafourche Parish Correctional Complex ("LPCC").  LPCC is a parish jail, and a Louisiana governor has no authority over a parish jail's operations or employees.  See Galo v. Blanco, Civ. Action No. 06-4290, 2006 WL 2860851, at *2-3 (E.D. La. Oct. 4, 2006).  Therefore, Governor Edwards cannot be held legally responsible for the conditions within the jail or the actions or inactions of jail personnel.  See id. at *3.

### V.  State of Louisiana

Lastly, plaintiff named the State of Louisiana as a defendant. However, the State of Louisiana is not a proper defendant in a § 1983 action for two reasons.  First, a state is not a "person" subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment.  Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief.  Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at *3.  The United States Fifth Circuit Court of Appeals has noted:

7

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>   Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

For those reasons, the claims against the State of Louisiana should be dismissed.

### VI.  Habeas Corpus/Mandamus Relief

One final note:  Like all of the similar complaints filed recently by the Lafourche Parish inmates, plaintiff also added the handwritten notations "Writ of Habeas Corpus" and "Writ of Mandamus" on the first page of his complaint.  However, to the extent that he is requesting those forms of relief, they are unavailable herein.

Habeas corpus relief is clearly unwarranted.  As an initial matter, it has not been properly sought, in that plaintiff has not "name[d] as the Defendant/Respondent herein the individual who has custody of him, he [has made] no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under § 1983."  Smith, 2021 WL 4975698, at *3; accord Lerille, 2021 WL 4975754, at *3.  And, even more fundamentally, the United States Fifth Circuit Court of Appeals has held that because habeas corpus "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement," it "is **not available to review questions unrelated to the cause of detention**.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."  Rice v. Gonzales, 985 F.3d 1069, 1070 (5th Cir. 2021) (emphasis added; quotation marks omitted), cert. denied, No. 21-18, 2021 WL 4508495 (U.S. Oct. 4, 2021).  As a result, habeas

8

corpus relief simply is not appropriate for COVID-based claims because they "do not impugn the underlying legal basis for the fact or duration of [an inmate's] confinement." Id.

Mandamus relief would likewise be inappropriate against any of the named defendants for the following reasons.

First, the federal mandamus statute, 28 U.S.C. 1361, applies only to officers, employees, and agencies of the **federal government**. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to **state or parish officials**. See, e.g., Sockey v. Gray, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); Shirley v. Starkey, Civ. Action No. 6:10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), adopted, 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), aff'd, 427 F. App'x 305 (5th Cir. 2011).

Second, although a federal court may grant a writ of mandamus directed to federal authorities, there are still limitations on that authority. For example, of import here: "Mandamus is only appropriate when the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review **discretionary** acts of agency officials." Wolcott v. Sibelius, 635 F.3d 757, 768 (5th Cir. 2011) (emphasis added; quotation marks omitted). Accordingly, "[m]andamus is not available to review the discretionary acts of the CDC and FEMA respecting the pandemic." Smith, 2021 WL 4975698, at *3; accord Lerille, 2021 WL 4975754, at *3.

For those reasons, neither habeas corpus relief nor mandamus relief against these defendants in this context would be appropriate. See Smith, 2021 WL 4975698, at *3; Lerille, 2021 WL 4975754, at *3.

9

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __18th__ day of January, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**